**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS  DIVISION**

| | | |
|---|---|---|
| **RAYMOND JACKSON** | ) | |
| | ) | |
| **v.** | ) | **3-07-CV-1823-B** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2241.

**Parties**: Petitioner is an inmate confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Tennessee Colony, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of robbery as charged in the indictment in No. C70-5496-MK, Jackson was found guilty by a jury which thereafter assessed his sentence at a term of life imprisonment.  At or about the same time he was convicted and sentenced on additional criminal charges in Nos. C70-5495 and C70-5497.  *See* n. 1, *infra.*  His conviction was affirmed by the Texas Court of Criminal Appeals on January 31, 1973.  On March 29, 1984, he was released on parole.  While on parole he was charged with the offense of aggravated

sexual assault in No. F-83-95875-LU. He was tried by a jury upon his plea of not guilty, and after

finding him guilty, the jury assessed punishment at a term of 99 years in prison and a $10,000.00

fine. Thereafter, his parole was revoked on April 3, 1984.

Jackson has filed numerous collateral attacks on these convictions and others which in all

instances have been denied or dismissed by the Texas Court of Criminal Appeals.

**Findings and Conclusions**: In his first ground for relief Jackson claims that he is being

denied credit toward his parole eligibility on four separate convictions. However, he is currently

in custody on his robbery conviction in No. C70-5496-MK and his aggravated sexual assault

conviction in F-83-95875-LU.[1]  Therefore, his claims relate **only** to his life sentence in No. C70-

5496-MK and his 99 year sentence in No. F-83-95875-LU. The matter of accrued good time credit

presents a basis for federal habeas corpus relief only if the petitioner has been deprived of a federal

constitutional right. An inmate who has been sentenced to a term of years - except for certain

specified crimes - would have been entitled to mandatory supervision release when time served plus

accrued good time equaled the length of the sentence imposed. *See* Texas Code of Criminal

Procedure art. 42.12 § 15(c) (Vernon 1977); *see also Malchi v. Thaler,* 211 F.3d 953, 957-58 (5th

Cir. 2000). However, no such entitlement exists for a person who has been sentenced to a term of

life imprisonment. *See Ex Parte Franks,* 71 S.W.3d 327 (Tex.Crim.App. 2001) and *Arnold v.*

*Cockrell,* 306 F.3d 277 (5th Cir. 2002). Therefore, Jackson's first ground fails to present a

cognizable claim for relief under § 2254.

---

[1]Jackson is no longer in custody pursuant to his convictions in Nos. C70-5495 and C70-
5497. *See* WR 4,163-23, at cover, dismissing application on October 10, 2007, because his
sentence in C70-5497 had been discharged; WR 4,163-24 at cover, dismissing application on
October 10, 2007, because the sentence in C70-5495 had been discharged.

His second ground for relief is somewhat unclear. The petition suggests that he is attacking the parole proceedings in March 1984. On the other hand, in his reply filed on June 26, 2008, he states that "Respondent is incorrectly assuming that [he] is challenging issues pertaining to and related to his parole revocating (sic) that occurred back in 1984 ... [T]hat is not the case. All Petitioner is seeking is time-credits that is owed him." *Id.* at 4.

Although, Texas Government Code § 501.0081 imposes a requirement of administrative exhaustion before seeking relief pursuant to art. 11.07, this requirement did not apply to applications filed before January 1, 2000. *Ex Parte Stokes,* 15 S.W.3d 532 (Tex.Crim.App. 2000). Therefore, if Petitioner is in fact attacking the parole revocation proceedings, merits review of the same is barred by limitation, *see* § 2244(d)(1)(D). On the other hand, if he is complaining of the loss of good time credit earned while in prison prior to his parole or the loss of street time while on parole, such losses "do not raise constitutional concerns." *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001) and *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (holding that because a prisoner in Texas has no constitutional right to be released on parole, losses of good time are not protected by due process).

Petitioner's third ground relates to an alleged incorrect entry on a data form relating to his sentence in No. F-83-95875-LU for which he was sentenced to 99 years rather than life imprisonment. Apparently he was assigned a new prisoner identification number when he was returned to TDCJ custody after he had received a second life sentence in F-83-A0602-LU. However, that conviction was reversed on appeal and following remand Jackson was sentenced to a ten year term which ran concurrently with his 99 year sentence in F-83-95875-LU. Irrespective of whether any error was made in the record, the same has been corrected and his former inmate

number assigned when he began serving his life sentence in C70-5496-MK has been reinstated.

*See* Exhibit A to Respondent's Answer. However, dispositive of this ground is the fact that is fails

to present a claim cognizable in a federal habeas corpus proceeding.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for

Respondent.

SIGNED this 3rd day of July, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5ᵗʰ Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.